IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY, as subrogee of D. GIDEON SEARLE and NANCY S. SEARLE 15 Mountain View Road Warren, New Jersey 07059 | : : : : : : | CIVIL ACTION NO.: 1:12-cv-09343 |
| Plaintiff, | : : | |
| v. | : : : | |
| CELLAR ADVISORS, LLC 7610 Dale Avenue St. Louis, Missouri 63117 | : : : : | JURY TRIAL DEMANDED |
| Defendant. | : : | |

## COMPLAINT

NOW COMES the plaintiff, Great Northern Insurance Company, as subrogee of D. Gideon Searle and Nancy S. Searle, and files this Complaint against the defendant and alleges as follows:

**I.    Parties**

1.    Plaintiff, Great Northern Insurance Company, is an insurance company incorporated in the State of Indiana, and authorized to issue policies of insurance in the State of Illinois. Great Northern Insurance Company's principal place of business is located at 15 Mountain View Road, Warren, New Jersey 07061. At all times material hereto, the plaintiff, Great Northern Insurance Company, had in force and effect an insurance policy (Policy No. 11290172-15) issued to D. Gideon Searle and Nancy S. Searle, with effective dates from May 1, 2012 through May 1, 2013.

2.    Defendant, Cellar Advisors, LLC, is a Missouri corporation, with a principal place of business located at 7610 Dale Avenue, St. Louis, Missouri 63117. At all times material hereto, Cellar Advisors was engaged in the business of providing organization, consultancy and logistics for fine wine collectors.

## II. Jurisdiction and Venue

3. Jurisdiction is proper in this judicial district pursuant to 28 U.S.C. § 1332 since the matter in controversy exceeds $100,000.00, exclusive of costs and interest, and the plaintiff and the defendant are citizens of different states.

4. Venue is proper in the United States District Court for the Northern District of Illinois as this is the judicial district in which the claim arose and where the acts and omissions of the defendant occurred.

## III. Facts

5. The insurance policy referred to in paragraph 1 above, and issued by plaintiff Great Northern Insurance Company to D. Gideon Searle and Nancy S. Searle provided coverage for the real estate, real estate improvements, contents, valuable articles and collectibles owned by D. Gideon Searle and Nancy S. Searle.

6. The coverage in the insurance policy issued by Great Northern Insurance Company included a wine collection owned by Mr. and Mrs. Searle and valued in excess of $8,000,000.00.

7. On June 6, 2012, Mr. Searle and Cellar Advisors, LLC entered into a contract in which Cellar Advisors promised to, among other things, transport Mr. and Mrs. Searle's wine collection, in refrigerated freight carriers from Illinois to Naples, Florida. (See Exhibit "A")

8. The Searle's wine collections were consolidated by Cellar Advisors, LLC at the LaGrou Warehouse located at 1800 S. Wolf Road, Des Plaines, Illinois 60018 (the "LaGrou Warehouse").

9. The Searle's wine collections were divided into three separate shipments at the LaGrou Warehouse, from which the shipments were to be transported by Cellar Advisors, LLC to Fairways Storage and Wine Cellars, 6210 Shirley Street, Naples, Florida 34109 ("Fairways Storage").

10. The wine collection designated as shipment Number 1 was valued at $714,187.99.

11. The wine collection designated as shipment Number 3 was valued at $1,327,218.25.

12. The values assigned to all of the wine in the various shipments was established by Cellar Advisors, LLC based upon its review, analysis and inspection of the wine collection and its knowledge, background, experience and understanding of the fine wine industry.

13. Cellar Advisors, LLC knew that in order to retain the values it had assigned to the Searle's wine collection the wine collection must be maintained and shipped in temperature controlled facilities and equipment while being transported from the LaGrou Warehouse to Fairways Storage.

14. Cellar Advisors, LLC's employees, agents and representatives participated in the consolidation of the wine collections at the LaGrou Warehouse and the preparation of the three shipments to be transported to Fairways Storage.

15. As indicated in its contract, Cellar Advisors, LLC employed agents, workmen and representatives to meet and accept the three shipments of the Searle's wine collection at the conclusion of the transportation.

16. Upon information and belief, wine shipment Number 1 was picked up by transportation companies retained by Cellar Advisors, LLC on or about July 2, 2012 from the LaGrou Warehouse and delivered to Fairways Storage on or about July 6, 2012.

17. Upon arrival at Fairways Storage, Cellar Advisors, LLC's employees, agents, workmen or representatives noted that wine shipment Number 1 was warm and displayed various degrees of damage, leaking, cork displacement and other indications that the wine was permanently and completely damaged because it had not been maintained in a temperature controlled environment.

18. Upon information and belief, wine shipment Number 3 was picked up by transportation companies retained by Cellar Advisors, LLC on or about July 5, 2012 from the LaGrou Warehouse and delivered to Fairways Storage on or about July 10, 2012.

3

19. Upon arrival at Fairways Storage, Cellar Advisors, LLC's employees, agents, workmen or representatives noted that wine shipment Number 3 was warm and displayed various degrees of damage, leaking, cork displacement and other indications that the wine was permanently and completely damaged because it had not been maintained in a temperature controlled environment.

20. The plaintiff and its subrogors have no first-hand knowledge of the dates set forth in paragraphs 16 and 18 above, but base these allegations upon information and documents provided by Cellar Advisors, LLC. However, plaintiff believes that, if the dates set forth above are not accurate, those dates vary by no more than a single day.

21. Contrary to the promises made by Cellar Advisors, LLC in its contract, and based upon Cellar Advisors, LLC's negligence, carelessness, acts and omissions, the complete wine collections in shipments Number 1 and 3 were ruined, destroyed and rendered without value.

22. Based upon the damages to the their wine collection and the valuations performed by Cellar Advisors, LLC prior to the shipment of that wine collection, D. Gideon Searle and Nancy S. Searle presented claims to the plaintiff for the complete loss of the wine in shipments Number 1 and 3 and totaling $2,041,406.25.

23. Pursuant to the policy of insurance and coverage provided by the plaintiff to Mr. and Mrs. Searle, the plaintiff made payments to D. Gideon Searle and Nancy S. Searle in the amount of $2,041,406.25, and has incurred additional costs and expenses associated with the investigation and storage of the damaged wine for purposes of this litigation.

24. Pursuant to the policy of insurance issued by the plaintiff, and based upon principles of legal, equitable and contractual subrogation, the plaintiff Great Northern Insurance Company, is subrogated to the claims of its insureds against third-parties responsible for the losses to the wine collections, including the defendant Cellar Advisors, LLC.

## COUNT I
## NEGLIGENCE

25. Plaintiff incorporates paragraphs 1 through 24 as though fully set forth.

26. At all relevant times, the defendant Cellar Advisors, LLC, owed a duty to the Mr. and Mrs. Searle to receive, handle, transport and deliver the wine collections with due care under the circumstances.

27. The damages sustained by the plaintiff and its insureds were caused by the negligence, carelessness, acts and omissions of the defendant Cellar Advisors, LLC, acting by and through its agents, employees, representatives, workmen, contractors and subcontractors, in that it:

    (a) Failed to ensure the wine collections were placed into refrigerated containers at the LaGrou Warehouse;

    (b) Failed to ensure that the entities engaged to assist Cellar Advisors, LLC in the transportation of the wine collections were appropriate, qualified and aware of the transportation requirements;

    (c) Failed to establish necessary and required logistical communications to ensure the safe, proper and required transportation arrangements;

    (d) Failed to properly train its employees, agents, workmen and representatives in the proper methods of transporting fine wine collections;

    (e) Failed to properly mark, label or otherwise make evident to logistical and transportation companies that the wine shipments must be maintained in a temperature controlled environment;

    (f) Failed to provide proper and required instructions and directions to employees at the LaGrou Warehouse regarding the proper shipment of the wine collections;

    (g) Failed to position and stage its employees, agents, representatives and workmen at the LaGrou Warehouse to insure the wine collections were properly transported in refrigerated equipment.

28. The defendant, Cellar Advisors, LLC acted negligently on different and separate occasions leading up to and including the shipment of the two wine collections, and each act of negligence caused distinct and quantifiable damages to the plaintiff and its insureds.

29. The negligence, carelessness, acts and omissions of defendant Cellar Advisors, LLC was the legal and proximate cause of the damages sustained by the plaintiff and its insureds.

WHEREFORE, plaintiff requests damages in an amount in excess of the jurisdictional limit of this Court together with interest, costs and such other relief as the Court deems appropriate.

## COUNT II

## NEGLIGENT MISREPRESENTATION

30. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth.

31. The defendant Cellar Advisors, LLC, was in the business of providing information for the guidance of others involved in business transactions with Cellar Advisors, LLC, including Mr. and Mrs. Searle in this instance.

32. As such, Cellar Advisors owed a duty to Mr. and Mrs. Searle to communicate accurate information regarding its transportation of the wine collection.

33. The defendant Cellar advisors made false statements of material fact to Mr. and Mrs. Searle regarding how their wine collection would be received, handled, transported and delivered by Cellar Advisors to Fairways Storage in refrigerated containers.

34. The defendant Cellar Advisors, LLC were negligent and careless in ascertaining the truth of the statements it made to Mr. and Mrs. Searle, by failing to ensure that the wine collection was properly transported from the LaGrou Warehouse to Fairways Storage in refrigerated containers.

35. The statements made by defendant Cellar Advisors were made to Mr. and Mrs. Searle with the intention to induce Mr. and Mrs. Searle to enter into a contract with Cellar

Advisors for Cellar Advisors to receive, handle, transport and deliver the wine collection to Fairways Storage in refrigerated containers.

36. The defendant, Cellar Advisors, LLC made negligent misrepresentations on different and separate occasions leading up to and including the shipment of the two wine collections, and each misrepresentation caused distinct and quantifiable damages to the plaintiff and its insureds.

37. Plaintiff's insureds, Mr. and Mrs. Searle, did enter into a contract with defendant Cellar Advisors in reliance on the information, advices and representations made by defendant Cellar Advisors, LLC regarding the safe, appropriate, proper and required methods of transporting their wine collection from the LaGrou Warehouse to Fairways Storage.

38. The negligent and careless misrepresentations by defendant Cellar Advisors, LLC and reliance were the legal and proximate cause of the damages sustained by the plaintiff and its insureds.

WHEREFORE, plaintiff requests damages in an amount in excess of the jurisdictional limit of this Court together with interest, costs and such other relief as the Court deems appropriate.

## COUNT III

## BREACH OF CONTRACT

39. Plaintiff incorporates paragraphs 1 through 38 as though fully set forth.

40. Mr. and Mrs. Searle entered into a contract with Cellar Advisors in which Cellar Advisorts promised to, among other things, transport Mr. and Mrs. Searle's wine collection, in refrigerated freight carriers from Illinois to Naples, Florida.

41. Pursuant to the contract, Mr. and Mrs. Searle performed all terms and conditions on its part to be performed pursuant to the contract.

42. The defendant, Cellar Advisors, LLC, breached its contract with Mr. and Mrs. Searle in that it failed to transport the wine collections from the LaGrou Warehouse to Fairways Storage in refrigerated and/or temperature controlled equipment.

43. The defendant, Cellar Advisors, LLC, breached its contract with Mr. and Mrs. Searle for the reasons set forth in paragraph 26, above which is incorporated herein as though fully set forth.

44. The defendant, Cellar Advisors, LLC breached its contract on different and separate occasions leading up to and including the two wine shipments, and each breach caused distinct and quantifiable damages to the plaintiff and its insureds.

45. The breaches of contract by defendant Cellar Advisors, LLC were the legal and proximate cause of the damages sustained by the plaintiff and its insureds.

WHEREFORE, plaintiff requests damages in an amount in excess of the jurisdictional limit of this Court together with interest, costs and such other relief as the Court deems appropriate.

Respectfully submitted,
Great Northern Insurance Company, as subrogee of
D. Gideon Searle and Nancy S. Searle

/s/ Marisa Saber
Marisa L. Saber
Cozen O'Connor
333 W. Wacker Drive, Suite 1900
Chicago, Illinois 60606
Phone: (312) 382-3100
Fax: (312) 382-8910
Email: msaber@cozen.com

OF COUNSEL:
Cozen O'Connor
Paul R. Bartolacci
Kevin J. Hughes
1900 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000
E-mail: pbartolacci@cozen.com
       khughes@cozen.com