UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS; EASTERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, a/s/o D. GIDEON SEARLE and NANCY S. SEARLE, Plaintiff, <br><br>vs.<br><br>CELLAR ADVISORS LLC, Defendant, <br><hr> CELLAR ADVISORS LLC, Third-Party Plaintiff,<br><br>vs.<br><br>SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, Third-Party Defendant. | No.: 12 CV 9343 <br><br> Judge James B. Zagel |

### AMENDED THIRD-PARTY COMPLAINT

NOW COMES the Third-Party Plaintiff, CELLAR ADVISORS LLC, by its attorneys, Chilton Yambert & Porter LLP, and for its Amended Complaint against the Third-Party Defendant, SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, states as follows:

### PARTIES

1. Third-Party Plaintiff, CELLAR ADVISORS LLC ("Cellar Advisors") is a Missouri limited liability company, with a principal place of business located at 7610 Dale Avenue, St. Louis, Missouri 63117.

2. Cellar Advisors is engaged in the business of providing organizational expertise and other consultancy for fine wine collectors.

3. SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP ("Sataria") is a Delaware limited liability company, with a principal place of business located at 12400 Wilshire Blvd., Suite 1100, Los Angeles, California 90025. "FLAGSHIP LOGISTICS GROUP" is an assumed named adopted by Sataria pursuant to the laws of Indiana.

4. At the times set forth herein, Sataria was acting as a "broker" as that term is defined in 49 U.S.C. § 13102(2).

5. At the times set forth herein, Sataria operated as a broker pursuant to a broker license issued by the Federal Motor Carrier Safety Administration, specifically Broker License No. MC-245950-B.

6. Before June 5, 2012, Broker License No. MC-245950-B was held by Sataria's sister company, CCP Midway Acquisition LLC, and then by Sataria, both successively doing business as "Sataria 3PL." "Sataria 3PL" is an assumed named adopted pursuant to the laws of Minnesota by CCP Midway Acquisition LLC.

7. Sataria, using its "Sataria 3PL" assumed name, holds itself out as a specialist in temperature-controlled freight management with an established "cold chain transportation network."

## JURISDICTION AND VENUE

8. The addition of Sataria does not change the basis of jurisdiction (pursuant to 28 U.S.C. § 1332) or of the venue as set forth in the Plaintiff's Complaint.

## FACTS

9. On June 6, 2012, D. Gideon Searle executed a contract (the "Contract") with Cellar Advisors concerning Cellar Advisors providing advice and overseeing the relocation of a wine

collection owned by D. Gideon Searle and Nancy S. Searle (the "Searles"). A copy of the Contract is attached to Plaintiff's Complaint as Exhibit A.

10. Prior to execution of the Contract, Cellar Advisors began working with Sataria concerning the costs and arrangements for the transportation of the Searles' wine collection. Some of the communications between Cellar Advisors and Sataria concerning relocation of the Searles' wine collection were via telephone and others were via e-mail.

11. Cellars Advisors had previously engaged Sataria, and predecessor companies, for the transportation of wine.

12. Cellar Advisors had previously selected and engaged Sataria and its predecessor companies because of its knowledge of the needs of transporting wine in climate-controlled conditions; employing Sataria's expertise in temperature-controlled freight management.

13. In June, 2012, an oral agreement ("Oral Agreement") was reached between Cellar Advisors and Sataria for the transportation of the Searles' wine collection; some of the terms of the oral contract were confirmed in e-mails.

14. The relevant terms of the Oral Agreement included:

a. Sataria would arrange for the transportation of one (1) pallet of wine from American Canyon, California to the LaGrou Warehouse, 1800 South Wolf Road, Des Plaines, Illinois 60018;

b. Sataria would arrange for the transportation of two (2) pallets of wine from New York, New York to the LaGrou Warehouse, 1800 South Wolf Road, Des Plaines, Illinois 60018;

c. Sataria would arrange for the transportation of three (3) truck loads, thirty four (34) pallets, of wine from the LaGrou Warehouse, 1800 Sout Wolf Road, Des

3

Plaines, Illinois 60018 to Fairways Storage and Wine Cellars, 6210 Shirley Street, Naples, Florida 34109;

d. Sataria would arrange for the all of the transportation of the wine in temperature-controlled conditions, employing temperature-controlled trucks or trailers;

e. Sataria would arrange for the transportation of three (3) truck-loads of wine from the Des Plaines, Illinois to Naples, Florida in the first week of July, 2012;

f. Cellar Advisors would pay Sataria for the transportation of the wine at an agreed flat rate.

15. Cellar Advisors had previously contracted with Sataria to arrange the transportation of wine and in all prior dealings the wine was transported in a temperature-controlled manner.

16. Sataria, as a specialist in the temperature-controlled freight management of food and beverage, knew the critical importance of transporting the Searles' wine collection in a temperature-controlled manner.

17. Cellar Advisors engaged Sataria for the relocation of the Searles' wine collection because of Sataria's specialized knowledge of transporting beverages, particularly wine, in a temperature-controlled manner and relied on Sataria's knowledge that wine required transportation in a temperature-controlled manner.

18. Upon information and belief, Sataria entered into contract with another entity to act a broker and arrange the transportation of the Searles' wine collection, or part of the Searles' wine collection.

19. When it arrived in Naples, Florida, the first of the three truck-loads of the Searles' wine collection was damaged because the temperature of the wine had not been properly controlled.

20. When it arrived in Naples, Florida, the second of the three truck-loads of the Searles' wine collection was not damaged.

21. When it arrived in Naples, Florida, the third of the three truck-loads of the Searles' wine collection was damaged because the temperature of the wine had not been properly controlled.

22. GREAT NORTHERN INSURANCE COMPANY ("Great Northern"), as subrogee of the Searles, commenced this action against Cellar Advisors.

## COUNT I - BREACH OF CONTRACT

23. Cellar Advisors reasserts and re-alleges paragraphs 1 through 22 above as if fully set forth herein.

24. Pursuant to the specific terms of the Oral Agreement, Sataria agreed to arrange for the relocation and transportation of the Searles' wine collection in a temperature-controlled manner.

25. In addition to or in the alternative, pursuant to contract, and based on past dealings between Cellar Advisors and Sataria, Sataria agreed to arrange for the relocation and transportation of the Searles' wine collection in a temperature-controlled manner.

26. In addition to or in the alternative, pursuant to contract, and based on Sataria's specialized knowledge of transporting beverages, particularly wine, in a temperature-controlled manner, Sataria agreed to arrange for the relocation and transportation of the Searles' wine collection in a temperature-controlled manner.

27. Sataria breached the contract with Cellar Advisors by failing to arrange for the transportation of two of the three loads of the Searles' wine in a temperature-controlled manner.

28. In addition to or in the alternative, Sataria breached the contract with Cellar Advisors by entering into a contract with another entity to arrange the transportation of the Searles' wine collection, or part of the Searles' wine collection, without informing Cellar Advisors and without directing the other entity to arrange the transportation of the Searles' wine collection or part of the Searles' wine collection in a temperature-controlled manner.

29. Due to Sataria's breach, it is alleged that the wine in the first and third loads were rendered valueless.

30. Due to Sataria's breach, Great Northern has sued Cellar Advisors for the value of the wine damaged in transport.

WHEREFORE, Third-Party Plaintiff, CELLAR ADVISORS LLC, prays for a judgment in its favor and against SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP for any amounts it is obligated to pay GREAT NORTHERN INSURANCE COMPANY as a result of the damage to the wine owned by D. GIDEON SEARLE and NANCY S. SEARLE.

Respectfully submitted,

s/ Theodore C. Hadley

Theodore C. Hadley
ARDC No.: 6184823
CHILTON YAMBERT & PORTER LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 460-8000
Facsimile: (312) 460-8299
E-mail: thadley@cyp-law.com