**IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE ) | | |
| COMPANY a/s/o GIDEON SEARLE and ) | | |
| NANCY S. SEARLE, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 2012 CV 9343 | |
| ) | | |
| CELLAR ADVISORS, LLC, ) | Judge: | James B. Zagel |
|     Defendant. ) | Mag. Judge: | Arlander Keys |
| ————————————————) | | |
| ) | | |
| CELLAR ADVISORS, LLC, ) | | |
|     Third Party Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| SATARIA ACQUISITION LLC d/b/a ) | | |
| FLAGSHIP LOGISTICS GROUP, ) | | |
|     Third Party Defendant. ) | | |

    To:    Paul R Bartolacci                  Marisa L. Saber
             Kevin John Hughes            Cozen O'Connor
             Cozen O'Connor                333 West Wacker Drive
             1900 Market Street                Suite 1900
             Philadelphia, PA 19103          Chicago, Illinois 60606

             Jon Yambert
             Joseph R. Vallort
             Ted Hadley
             Chilton Yambert & Porter LLP
             150 South Wacker Drive, Suite 2400
             Chicago, IL 60606

**THIRD PARTY DEFENDANT'S FIRST SET OF INTERROGATORIES
TO CELLAR ADVISORS LLC**

       Third Party Defendant, Sataria Acquisition LLC d/b/a Flagship Logistics Group ("Flagship"), by and through its attorneys, Sullivan Hincks & Conway, hereby propounds the

1

following First Set of Interrogatories to Cellar Advisors, LLC to be answered within thirty (30) days hereof:

## DEFINITIONS AND INSTRUCTIONS

A.  These Interrogatories are continuing in character and therefore, require you to serve supplementary answers if you obtain further or different information before trial.

B.  Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence mentioned or complained of in the pleadings.

C.  Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives, and unless privileged, its attorneys. Party shall include those entities listed in the caption of this case.

D.  The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in Clause "C", supra.

E.  If an act, event, transaction, occasion, instance, matter, course of conduct, course of action, person, or writing is mentioned or referred to in response to more than one of these Interrogatories, you need not completely identify and describe it or him or her in subsequent instances, provided you supply a complete identification in the first such instance, and in each other such instance make a specific reference to the place, paragraph, and page number and the answers to these Interrogatories where it, he, or she is fully identified and described.

F.  "Identify," "identity," "identification," when referring to a natural person means to provide an identification sufficient to serve such person with process to require his or her attendance before this Court and shall include, without limitation, his or her full name, present or last known home address and telephone number, present or last known business affiliation or employment and that address and telephone number, title or occupation, and each of his or her positions during the applicable period of time covered by any answer referring to such person. When referring to the identification of an entity, it means to provide the name of the entity, the jurisdiction of its organization and the identification of the natural person(s), as defined immediately hereinbefore, involved with providing the information being discovered by such entity.  If used in reference to a writing or document (including, without limitation, any business records) such words mean to give a sufficient characterization of such writing or document as

properly to identify it in a subpoena. This information shall include without limitation the following information with respect to each document:

 (a) The date appearing on such document, and if it has no date, the answer shall so state and shall give a date or approximate date such document was prepared;

 (b) The identifying or descriptive code number, file number, title or label of such document;

 (c) The general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

 (d) The name of the person to whom such document was addressed, and the name of each person other than such addressee to whom such document, or copies of it, were given or sent;

 (e) The name of the person having present possession, custody, or control of such document; and

 (f) Whether or not any draft, copy, or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the document itself, and if so, the answer shall give the description of each draft, copy or production.

 G. Provide the following information in chronological order with respect to each oral communication which is the subject matter in whole or in part of any of these Interrogatories:

  1. Who was present;
  2. The dates thereof;
  3. What was said by each person involved during such conversation and the order in which it was said.

 H. The term "person" as used herein means, in the plural as well as the singular any natural person, firm, association, partnership, corporation, or any other form of legal entity, unless the context indicates otherwise.

 I. The term "document" as used herein means all electronic or physical records, papers and books, transcriptions, pictures, drawings or diagrams of every nature, whether transcribed by hand or by mechanical, electronic, photographic, or other means, as well as sound reproduction of oral statement or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating or pertaining in any way to the

subject matters in connection with which it is used and includes originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books, records, contracts, agreements, expense accounts, canceled checks, catalogues, price lists, sound and tape recordings, memorandum (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities), minutes, diaries, calendar or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, forms, pamphlets, notices, statements, journals, postcards, e-mails, letters, telegrams, reports, intra-office communications, photostats, microfilm, maps, and deposition transcripts, whether prepared by you for your own use or for transmittal or received by you.

J. The term "present time" as used herein means the date on which these interrogatories were served on you.

K. If you do not have the information necessary to answer any Interrogatory, but know where such information may be procured, the source and availability of such information shall be disclosed and the person in possession or control of the information shall be identified.

L. As used herein, "**Cellar Advisors, LLC**" shall include all parent corporations or LLC's, subsidiaries, divisions, members, managers, predecessors-in-interest, and other business entities sharing common ownership with Cellar Advisors, LLC. It shall include but not be limited to Domaine Chicago, LLC, Domaine New York, LLC, Domaine St. Louis, LLC, Domaine Transit LLC.

M. As used herein, "**Flagship**" shall include all parent corporations or LLC's, subsidiaries, divisions, members, managers, predecessors-in-interest, and other business entities sharing common ownership with SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP.

## INTERROGATORIES

1. Identify each person participating in or contributing to the answering of these Interrogatories.

**ANSWER**:

2. Identify all shipments of wine tendered by Cellar Advisors, LLC to Flagship (including its predecessors) from 1995 to the present date stating or identifying (a) the date of shipment, (b) the affiliate that tendered the shipment, (c) the origin and destination of the shipment, (d) the representative of Cellar Advisors, LLC responsible for each tender, (e) the type of equipment requested on each shipment, and (f) all documents exchanged between Cellar Advisors LLC and Flagship related to the shipments.

**ANSWER**:

3. State the terms of the contract between Cellar Advisors LLC and Flagship with respect to the shipments at issue in this matter and identify the specific dates in which any term comprising the alleged contract that is the subject of Cellar Advisors, LLC's third party complaint was discussed or agreed to.

**ANSWER**:

4. With reference to the instructions contained in instruction "G", identify each oral or written communication between Cellar Advisors LLC and Flagship related to the <u>formation</u> of the alleged oral contract that is the subject of Cellar Advisors LLC's third party complaint.

**ANSWER**:

5. With reference to the instructions contained in instruction "G", identify each oral or written communication between Cellar Advisors LLC and Flagship related to the <u>performance</u> of the alleged oral contract that is the subject of Cellar Advisors LLC's third party complaint.

**ANSWER**:

6. Identify all freight claims or other demands for payment made by Cellar Advisors, LLC to any person (including but not limited to any warehouse or Flagship) related to the alleged losses or damages to the shipments at issue in this matter.

**ANSWER**:

7. State all facts and identify all witnesses and documents upon which you rely to establish the value of the wine allegedly damaged or ruined because the wine was allegedly delivered to Naples, Florida out of condition.

**ANSWER**:

8. Identify all individuals who inspected the wine allegedly damaged or ruined because the wine was allegedly delivered to Naples, Florida out of condition and state the actions taken by such individuals to determine the condition of the wine at destination.

**ANSWER**:

9. For each individual identified in response to the previous Interrogatory, state the date(s) he or she conducted his or her inspection and identify all documents and communications related to each inspection.

**ANSWER**:

10. State all actions taken by Cellar Advisors, LLC, or any person acting on their behalf, to salvage or otherwise mitigate the losses to the wine allegedly delivered to Naples, Florida out of condition.

**ANSWER**:


11. Identify all individuals acting on behalf of or at the request of Cellar Advisors, LLC, that were present at LaGrou Warehouse, 1800 S. Wolf Road, Des Plaines, Illinois when the wine was picked up at the LaGrou Warehouse facility for transportation to Naples, Florida.

**ANSWER**:


12. Identify all individuals acting on behalf of or at the request of Cellar Advisors, LLC, who were present when the wine that was allegedly damaged or ruined was delivered to Fairway Storage and Wine Cellars in Naples, Florida.

**ANSWER**:


13. Describe all procedures followed by Cellar Advisors LLC to determine the type, kind and extent of the damage to the wine.

**ANSWER**:


14. With reference to the instructions contained in instruction "G", identify each oral or written communication between Cellar Advisors LLC and any motor carrier or driver concerning the shipment of the wine that was allegedly damaged or ruined as stated in Cellar Advisors' third amended complaint.

**ANSWER**:


15. Identify all written and oral instructions provided by Cellar Advisors, LLC to Flagship concerning the temperature at which the shipment of wine that is the subject of Cellar Advisors' third party complaint was to be transported stating (a) who gave the instruction, (b) the specific instruction given, (c) when the instruction was made, and (d) whether the instruction was in writing or oral.

**ANSWER**:


16. State all facts and identify all documents and witnesses on which you rely to support the allegation that Flagship "knew the critical importance of transporting the Searles' wine collection in a temperature controlled manner."

**ANSWER**:


17. Identify all oral and written agreements and warehouse receipts by and between Cellar Advisors, LLC, and LaGrou Distribution with respect to the storage of wine that is the subject of this lawsuit. For each such agreement, state the terms of the agreement (including whether or not the agreement required temperature controlled storage), the individuals who negotiated and entered into the agreement, the date of said agreement and whether the agreement was oral or written.

**ANSWER**:

18. State the temperature of each pallet containing wine for which recovery is sought in this lawsuit at the following times:

a) The time each pallet of wine arrived at LaGrou Distribution's warehouse;

b) The time each pallet of wine was picked up at LaGrou Distribution warehouse;

c) The time each pallet of wine was tendered for final delivery at Fairway Storage.

**ANSWER**:


19. Identify the specific location where each bottle of wine for which recovery is sought in this lawsuit was stored prior to arriving at LaGrou Warehouse and all instructions concerning temperature control at each identified location.

**ANSWER**:


20. With reference to the instructions contained in instruction "G", identify each oral or written communication between Cellar Advisors and Flagship related to any claim or investigation of a claim for alleged loss or damage to the wine that is the subject of this lawsuit.

**ANSWER**:


21. With reference to the instructions contained in instruction "G", identify each oral or written communication between Cellar Advisors LLC and Great Northern Insurance, or any adjuster or other third party acting at its request, related to any claim or investigation of a claim for alleged loss or damage to the wine that is the subject of this lawsuit.

**ANSWER**:

22. Identify each person who has knowledge of the facts, occurrences and circumstances alleged in Plaintiffs' Complaint, any of Defendants' Answers and Affirmative Defenses, and any third-party claim filed in this lawsuit and, for each person so identified, state the scope and nature of each such person's knowledge.

**ANSWER**:


23. With reference to the instructions contained in instruction "G", identify each oral or written communication between Cellar Advisors and the Searles or any representative or agent of the Searles related to the negotiation of the contract with the Searles, execution of the contract with the Searles, appraisal or organization of the wine at issue for the Searles, or the arrangement of storage and transportation of the Searles' wine.

**ANSWER**:

                                          FLAGSHIP LOGISTICS GROUP

                                          By: /s/ <u>Matthew P. Barrette</u>
                                               One of Its Attorneys

Daniel C. Sullivan
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021
mattbarrette@shlawfirm.com
dansullivan@shlawfirm.com