IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o GIDEON SEARLE and NANCY S. SEARLE, <br>   Plaintiff, | )<br>)<br>)<br>)<br>) | |
| v. | ) | Case No. 2012 CV 9343 |
| | ) | |
| CELLAR ADVISORS, LLC, <br>   Defendant. <br>_____ | )<br>)<br>) | Judge:  James B. Zagel <br>Mag. Judge: Arlander Keys |
| | ) | |
| CELLAR ADVISORS, LLC, <br>   Third Party Plaintiff, | )<br>)<br>) | |
| v. | ) | |
| | ) | |
| SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, <br>   Third Party Defendant. | )<br>)<br>) | |

  To: Paul R Bartolacci      Marisa L. Saber
     Kevin John Hughes     Cozen O'Connor
     Cozen O'Connor      333 West Wacker Drive
     1900 Market Street      Suite 1900
     Philadelphia, PA 19103    Chicago, Illinois 60606

     Theodore Hadley
     Chilton Yambert & Porter LLP
     150 South Wacker Drive, Suite 2400
     Chicago, IL 60606

**THIRD PARTY DEFENDANT'S FIRST SET OF REQUESTS TO PRODUCE
TO CELLAR ADVISORS, LLC**

  Third-Party Defendant Sataria Acquisition LLC d/b/a Flagship Logistics Group ("Flagship"), by and through its attorneys, Sullivan Hincks & Conway, submits the following First Set of Requests to Produce to Cellar Advisors, LLC pursuant to Federal Rule of Civil Procedure 34 to be answered within 30 days hereof:

1

## DEFINITIONS AND INSTRUCTIONS

A.  The time, place and manner of production of documents will either be mutually agreed upon by the parties at a later date, or the responding party may forward photostatic copies of the documents to the attorney for the requesting party.

B.  These requests are continuing in character and therefore require you to serve supplementary responses if you obtain additional responsive documents before trial.

C.  The pronoun "you" refers to the parties to whom these Requests are directed and your agents, representatives, and unless privileged, your attorneys.

D.  If your response is that the documents are not in your possession, custody or control, describe in detail the unsuccessful efforts you made to locate the documents and identify who has control and the location of the documents.

E.  If a Request for Production requests a specific document or an itemized category which is not in your possession, custody or control, produce those documents which are in your possession, custody or control which contain all or part of the information contained in the requested document or category.

F.  Identify the source of each of the documents that you produce pursuant to this Request for Production of Documents.

G.  If any document is withheld pursuant to a claim of privilege or based on the attorney work-product doctrine, state the grounds for the claim and identify with respect to each document, the date that the document was prepared, the number of pages which the document contains, the person or entity which sent the document, the addressee to whom the document was sent and the subject matter of the document.

H.  As used herein, "Cellar Advisors, LLC" shall include all parent corporations or LLC's, subsidiaries, divisions, members, managers, predecessors-in-interest, and other business entities sharing common ownership with Cellar Advisors, LLC. It shall include but not be limited to Domaine Chicago, LLC, Domaine New York, LLC, Domaine St. Louis, LLC, Domaine Transit LLC.

I.  As used herein, "Flagship" shall include all parent corporations or LLC's, subsidiaries, divisions, members, managers, predecessors-in-interest, and other business entities sharing common ownership with SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP

**REQUESTS**

1. All documents referred to or relied upon in your responses to Flagship's First Set of Interrogatories to Cellar Advisors LLC.

2. All contracts and other documents referring to or evidencing any contract between Cellar Advisors LLC and Flagship concerning the shipments from Chicago to Naples bearing Flagship Order Nos. 283780, 283781, and 283782.

3. All bills of lading, shipping orders, purchase orders, delivery receipts, rate confirmations, and other shipping documents related to or referring to the shipments from Chicago to Naples bearing Flagship Order Nos. 283780, 283781, and 283782.

4. All documents containing or referencing communications between Cellar Advisors LLC and Flagship related to or referring to the shipments from Chicago to Naples bearing Flagship Order Nos. 283780, 283781, and 283782.

5. All contracts and other documents referring to or evidencing any contract between Cellar Advisors LLC and Flagship concerning any shipment arranged by Flagship at the request of Cellar Advisors LLC from January 1, 2007 through the present day.

6. All bills of lading, shipping orders, purchase orders, delivery receipts, rate confirmations, and other shipping documents related to or referring to any shipment arranged by Flagship at the request of Cellar Advisors LLC from January 1, 2007 through the present day.

7. All documents containing or referencing communications between Cellar Advisors LLC and Flagship (including its Affiliates and predecessors) related to or referring to any shipment arranged by Flagship at the request of Cellar Advisors LLC from January 1, 2007 through the present day.

8. All documents, including but not limited to e-mails, containing or referencing internal communications between and among employees and representatives of Cellar Advisors LLC (including its Affiliates) related to or referring to the shipments at issue in this lawsuit, the survey of the shipments performed by Cellar Advisors LLC and the claim made by Cellar Advisors LLC.

9. All documents, including but not limited to e-mails, containing or referencing communications between Cellar Advisors LLC and any insurance company that Cellar Advisors LLC claims provides coverage for the losses asserted in this lawsuit related to or referring to the shipments at issue in this lawsuit, the survey of the shipments performed by Cellar Advisors LLC and the claim made by Cellar Advisors LLC.

10. All documents, including by not limited to e-mails, containing or referencing communications between Cellar Advisors LLC, on the one hand, and the Searles and representatives or agents of the Searles related to or referring to the shipments at issue in this lawsuit, the survey of the shipments performed by Cellar Advisors LLC and the claim made by the Searles.

11. Any and all reports or written statements of any person with knowledge of the facts and circumstances of the shipments from Chicago to Naples bearing Flagship Order Nos. 283780, 283781, and 283782.

12. All documents relating to or describing the investigation into the condition of and the actual condition of the wine that is the subject of this lawsuit at the La Grou Warehouse prior to being transported to Naples, Florida.

13. All documents including but not limited to brochures, advertising materials, and communications, describing the LaGrou Warehouse where the wine was stored and its service offerings at the warehouse.

14. All documents relating to or describing the investigation into the condition of and the actual condition of the wine that is the subject of this lawsuit at the time delivery of the wine was tendered in Naples, Florida.

15. All warehouse receipts, bills of lading, contracts or other documents evidencing or referring to the storage and delivery of the wine that is the subject of this lawsuit to the LaGrou Warehouse prior to the shipments from Chicago to Naples, Florida.

16. All contracts or documents referring to or evidencing a contract between Cellar Advisors, LLC (including its Affiliates as defined above) and LaGrou Warehouse for the storage of wine at LaGrou Warehouse in May, June, and/or July 2012.

17. All documents, including but not limited to photographs, films, electronic materials, or other evidence that Cellar Advisors LLC intends to introduce as evidence at trial in this matter.

18. All notes, memoranda and other documents produced or reviewed by Cellar Advisors LLC in cataloging, organizing, valuing or evaluating the wine that is the subject of this lawsuit prior to the wine being transported from LaGrou Warehouse.

19. All notes memoranda and other documents produced or reviewed by Cellar Advisors, LLC in investigating the alleged spoliation or damage to the wine at the time the wine was tendered for delivery in Naples, Florida.

20. All notes, memoranda and other documents produced or reviewed by Cellar Advisors, LLC in cataloging, organizing, valuing or evaluating the wine that is the subject of the lawsuit after the wine was tendered for delivery in Naples, Florida.

21. All documents containing or referring to instructions from Gideon or Nancy Searle to Cellar Advisors, LLC concerning the organization, handling and transportation of the wine that is the subject of this lawsuit.

22. All documents containing or referring to instructions from Cellar Advisors, LLC to Flagship concerning the handling and transportation of the wine that is the subject of this lawsuit.

23. All documents containing or referring to instructions between and among employees, representatives and agents of Cellar Advisors, LLC (including Affiliates) concerning the handling and transportation of the wine that is the subject of this lawsuit.

24. All insurance policies that Cellar Advisors LLC contends provide coverage related to the shipment at issue.

25. All documents containing or referring to any survey of the wine after delivery in Naples, Florida.

26. All internal memoranda, written procedures and guidelines, industry research, and other documents maintained by or relied upon by Cellar Advisors LLC on how to store, warehouse, package and transport wine by motor carrier.

27. All documents, including but not limited to written procedures, relied upon or followed by Cellar Advisors LLC in investigating and determining the extent of the damage, if any, to each and every bottle of wine that is the subject of this lawsuit.

28. All photographs taken of the wine by any person prior to, during or after the shipment from LaGrou Warehouse to Naples, Flroida.

29. All contracts, bills of lading, and letters of instruction between Cellar Advisors LLC and any broker, freight forwarder or motor carrier from January 1, 2007 through the present date, related to the transportation, warehousing, or arrangement of transportation of wine.

30. All documents reflecting the temperature of the wine that is the subject of this lawsuit prior to being delivered to LaGrou Warehouse.

31. All documents reflecting the temperature of the wine that is the subject of this lawsuit at the time said wine was being stored at LaGrou Warehouse.

32. All documents reflecting the temperature of the wine that is the subject of this lawsuit at the time said wine was being transported from LaGrou Warehouse to Naples, Florida.

33. All documents reflecting the temperature of the wine that is the subject of this lawsuit at the time said wine was tendered for delivery in Naples, Florida.

34. All documents reflecting the temperature of the wine that is the subject of this lawsuit at its present place of storage.

35. All documents describing or otherwise related to the testing of the wine that is the subject of this lawsuit after delivery was made in Naples, Florida.

36. All documents describing or otherwise related to the disposition of the wine that is the subject of this lawsuit.

37. All e-mails, transcripts and recordings of telephone calls involving communications made from Joe Mooney in Naples, Florida, to any other person concerning the shipments at issue in this case.

38. All documents describing or otherwise related to any effort by Cellar Advisors, LLC to mitigate its damages in this matter.

                                                FLAGSHIP LOGISTICS GROUP

                                                By: /s/ Matthew P. Barrette
                                                        One of Its Attorneys

Daniel C. Sullivan
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021
mattbarrette@shlawfirm.com
dansullivan@shlawfirm.com