Law Offices Of

# SULLIVAN HINCKS & CONWAY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
120 WEST 22nd STREET, SUITE 100
OAK BROOK, ILLINOIS 60523

DANIEL C. SULLIVAN
PATRICK M. HINCKS
JOHN J. CONWAY
DESMOND P. CURRAN
MATTHEW P. BARRETTE
RYAN A. MAHONEY
ALYSON M. SULLIVAN
MICHAEL A. FACCENDA

TEL (630) 573-5021
FAX (630) 573-5130
www.shlawfirm.com

September 6, 2013

**VIA E-MAIL and U.S. MAIL**
Theodore C. Hadley
CHILTON YAMBERT PORTER LLP
303 W. Madison, Suite 2300
Chicago, IL 60606

Re: Great Northern Ins. Co. v. Cellar Advisors, LLC v. Sataria Acquisition LLC d/b/a Flagship Logistics; N.D. Illinois Case No. 2012 CV 9343

Dear Mr. Hadley:

This letter is sent in accordance with Local Rule 37.2 and Federal Rule of Civil Procedure 37 to request a telephone consultation concerning outstanding discovery issues. In particular, Cellar Advisors, LLC has failed to respond to the parties' attempts to schedule depositions in the above-entitled matter and has failed to timely respond to Flagship's First Set of Interrogatories and First Set of Requests for Production.

On July 11, 2013, Flagship served its First Set of Requests for Production and its First Set of Interrogatories on Cellar Advisors, LLC. On or about the response date, you requested and Flagship agreed to a two week extension until on or about August 30, 2013 to serve the responses. To date, we still have not received Cellar Advisors, LLC's responses nor have we received any communications requesting a further extension. Flagship requests and requires immediate responses to these discovery requests.

Additionally, in order to move the case forward, on August 20, 2013, Mr. Sullivan sent a communication to all counsel proposing deposition dates. Thereafter, counsel for Great Northern set up a conference call for August 26, 2013, to allow all parties to discuss their availability in setting up these dates. You did not object to the date or state that you were unavailable for the conference call. On August 26, 2013, we held the conference call and you did not participate. I left two messages for you during the call but you were out of the office.

Following the conference call, we sent out Notices of Deposition for Cellar Advisors' representatives setting the depositions at the offices of Rebman, Linhares & Beachem, P.C. in St. Louis. We have not heard from you concerning whether your clients will be produced on that date but we received a communication from Mr. Rebman conveying that you had told him you

SULLIVAN HINCKS & CONWAY

Theodore C. Hadley
September 6, 2013
Page 2

thought the case was not ripe for depositions. We disagree. Given the Court's explicit instruction that it would not extend discovery and the large number of depositions that need to be taken, we do not want to delay discovery in this case.

As such, please advise when you would be available on Monday to discuss Cellar Advisors' tardy responses to written discovery and to discuss setting dates for deposition. Either Mr. Sullivan or myself, or both of us, will make ourselves available at the time of your choosing on Monday to talk. I have copied Mr. Bartolacci on this communication because I anticipate that Mr. Bartolacci will want to participate on the call as well. Thank you in advance for your attention to this matter.

Very truly yours,

Matthew P. Barrette

CC: Paul R. Bartolacci