IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o GIDEON SEARLE and NANCY S. SEARLE, <br><br> Plaintiff, <br><br> v. <br><br> CELLAR ADVISORS, LLC, <br> Defendant. <br><br> CELLAR ADVISORS, LLC, <br> Third Party Plaintiff, <br><br> v. <br><br> SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, <br> Third Party Defendant. | Case No. 2012 CV 9343 <br><br> Judge: James B. Zagel |

## PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### INTRODUCTION

All the parties to this dispute have pleaded that the Plaintiff, Great Northern Insurance Company, as subrogee of Gideon and Nancy Searle, had a valid contract with the Defendant, Cellar Advisors, LLC ("Cellar"). All the parties to this dispute have pleaded that Cellar did not fulfill a material term of that contract. And all the parties to this dispute have pleaded that this failure to perform the contract according to its terms resulted in significant pecuniary harm to the Plaintiff. Because Illinois law requires nothing more for the Plaintiff to prevail on its breach of contract claim against Cellar, the Plaintiff now moves for partial judgment on the pleadings on the issue of liability on this claim.

A.   BACKGROUND

    1.   <u>The Searles Contract With Cellar For a "Refrigerated Freight Shipment"</u>

Mr. Searle sought Cellar's services in order to transport his collection of some 20,000 bottles of wine from greater Chicago to Naples, Florida. On June 6, 2012, Mr. Searle agreed to Cellar's proposal to arrange for the shipment of the wine collection at a cost of over $100,000, a proposal memorialized in a "Project Estimate" (the "Contract"). (Compl., Ex. A at 2; Ans. ¶ 7.) In the Contract, Cellar promised, among other things, to arrange for "Refrigerated Freight Shipment" from greater Chicago to Naples and to arrange, for its own use, a "Local Refrigerated Truck Rental." (Compl., Ex. A at 1.)

Cellar priced the "Refrigerated Freight Shipment" and "Local Refrigerated Truck Rental" at over $22,000. <u>Id.</u> Mr. Searle unambiguously agreed to the terms of the Contract, signing his name on the signature line of the Contract and tendering a deposit of over $21,000 in order to retain Cellar's services for this project. <u>Id.</u> at 2.

    2.   <u>Cellar Breaches its Promise of a "Refrigerated Freight Shipment"</u>

Although the Searles performed all of their obligations under the Contract (Compl. ¶ 41; Ans. ¶ 41), Cellar did not. Cellar consolidated the wine collection at a warehouse outside Chicago and, using its own personnel, prepared the collection for shipment to Naples. (Compl. ¶ 14; Ans. ¶ 14.) Cellar left the actual arranging of the transportation of the wine collection to another entity, Third-Party Defendant Sataria Acquisition LLC d/b/a Flagship Logistics ("Sataria"). (Third-Party Compl. ¶ 10; Third-Party Ans. ¶ 10.) But, notwithstanding Cellar's promise to ship the wine collection in refrigerated conditions, two shipments of the wine collection arrived in Naples in non-temperature-controlled containers. (Compl. ¶¶ 17, 19; Ans. ¶¶ 17, 19.)

2

3. <u>Cellar's Breach Destroys the Wine Collection</u>

Cellar well knew the importance of its promise to arrange refrigerated transportation for the wine collection; in a non-temperature-controlled environment, the wine would deteriorate and lose its value. (Compl. ¶ 13; Ans. ¶ 13.) And when, notwithstanding Cellar's promise to the contrary, two of the shipments of wine spent the trip from Chicago to Naples in non-temperature-controlled containers, the wine in these shipments sustained obvious, significant, and irrevocable damage. (Compl. ¶ 21; Ans. ¶ 21.) This damage, the result of the failure to ship the wine in temperature-controlled conditions (<u>see</u> Compl. ¶¶ 17, 19; Ans. ¶¶ 17, 19), completely destroyed the wine, other than any minimal salvage value (Compl. ¶ 21; Ans. ¶ 21).

4. <u>The Plaintiff Files This Action</u>

On November 21, 2012, the Plaintiff, as subrogee of the Searles, filed this action, asserting claims for negligence (Count I), negligent misrepresentation (Count II), and breach of contract (Count III). After answering, Cellar filed a third-party complaint against Sataria asserting a breach of contract claim. In its third-party complaint, Cellar pleaded, among other things, that the contract which the Searles entered into with Cellar is the same thing as the Contract, the document attached as Exhibit A to the Plaintiff's complaint. (Third-Party Compl. ¶ 9.) In its third-party answer, Sataria pleaded that the Contract "is a part of the contract between the Searles and [Cellar]," (Third-Party Ans. ¶ 9.)

Because all the parties to this dispute have pleaded that the Searles had a valid contract with Cellar, that Cellar did not fulfill a material term of that contract, and that this failure to perform the contract according to its terms resulted in significant pecuniary harm to the Searles, the Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 12(c) for partial judgment on the pleadings on the issue of liability on its breach of contract claim.

B.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows parties to file for a motion for judgment on the pleadings any time after the pleadings are closed. The Court accepts all well-pleaded assertions of the non-moving party as true. See Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). "[T]he motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position," Housing Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth., 378 F.3d 596, 600 (7th Cir. 2004), and the moving party has the burden to "demonstrate that there are no material issues of fact to be resolved," Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The Court may consider only the pleadings, which consist of the filings enumerated in Federal Rule of Civil Procedure 7(a) and any exhibits attached to them. See Fed. R. Civ. P. 7(a); see also Moore's Federal Practice § 12.38 ("Unless the court orders a reply to an answer or third-party answer, the pleadings close after the last of the following pleadings in the case has been filed: answer, reply to a counterclaim, answer to a crossclaim, and third-party answer.").

C.  ARGUMENT

These facts are tailor-made for partial judgment on the pleadings in the Plaintiff's favor on the issue of breach of contract liability. In Illinois,[1] "[t]he elements of a breach of contract claim are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." Lake County

---

[1] Illinois law applies to this dispute. Illinois follows the Restatement (Second) of Conflict of Laws in making choice-of-law decisions. Morris B. Chapman & Associates, Ltd. v. Kitzman, 193 Ill.2d 560, 568, 739 N.E.2d 1263 (2000). The Restatement provides that when the parties have not expressly chosen law to apply to their contract, the court looks to: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, residence, nationality, place of incorporation and place of business of the parties." Restatement (Second) of Conflict of Laws § 188. The Plaintiff has pleaded, and Cellar has admitted, that this claim arose in Illinois and that Cellar's acts and omissions leading to the claim occurred in Illinois. (Compl. ¶ 4; Ans. ¶ 4.) These factors point to Illinois law as the proper source of substantive law in this matter, and none of the remaining factors suggest that another jurisdiction's law should apply instead.

4

Grading Co., LLC v. Village of Antioch, 2013 IL App (2d) 120474, 985 N.E.2d 638, 644 (internal quotations omitted).  The pleadings establish all of these elements as a matter of law and reveal no material facts in dispute about Cellar's contract liability.  Judgment on the pleadings in the Plaintiff's favor is appropriate on Cellar's liability for its breach of its contract with the Plaintiff.

    1.    <u>A Valid Contract Exists</u>

The pleadings establish that a valid and enforceable contract existed here.  The Plaintiff, Cellar, and Sataria have all pleaded that the Searles had a valid and enforceable contract with Cellar.  (Compl. ¶ 7; Ans. ¶ 7; Third-Party Compl. ¶ 9; Third-Party Ans. ¶ 9.)

    2.    <u>The Searles Performed</u>

Similarly, the pleadings establish here that the Searles performed their obligations under the Contract.  The Plaintiff has pleaded that the Searles performed their obligations under the Contract, and Cellar has so admitted.  (Compl. ¶ 41; Ans. ¶ 41.)

    3.    <u>Cellar Breached a Material Term of the Contract</u>

Cellar admits that it agreed, as a material term of the Contract, that Cellar would arrange for "Refrigerated Freight Shipment" of the Searles' wine collection.  With respect to two shipments of wine, the promised "Refrigerated Freight Shipment" did not take place.  The law requires no more, so no material facts remain in dispute about whether Cellar breached a material term of the Contract.

"Liability for breach of contract is strict, . . . which makes the performing party an insurer against the consequences of his failing to perform, even if the failure is not his fault."  <u>Wisconsin Elec. Power Co. v. Union Pac. R. Co.</u> (<u>Wisconsin Elec.</u>), 557 F.3d 504, 506 (7th Cir. 2009) (citing, <u>inter alia</u>, <u>Globe Refining Co. v. Landa Cotton Oil Co.</u>, 190 U.S. 540, 543-44 (1903)

(Holmes, J.)); see also Klingler Farms, Inc. v. Effingham Equity, Inc. (Klingler), 171 Ill. App. 3d 567, 572-73, 525 N.E.2d 1172 (1988) ("The concept of fault is one of the major distinctions between contract law and tort law and we are not persuaded that it should be abandoned.").

Here, the pleadings establish that refrigerated shipment of the wine constituted a material term of the Contract. Cellar promised, in the Contract, to arrange for "Refrigerated Freight Shipment" from greater Chicago to Naples and to arrange, for its own use, a "Local Refrigerated Truck Rental." (Compl., Ex. A at 1.) Cellar admits that the Contract contains at least some of the terms of the agreement between the Searles and Cellar (Ans. ¶ 7),[2] and has not pleaded that refrigerated shipment was not a term of the Contract, see generally id. Moreover, Cellar knew that shipping the wine in non-temperature-controlled conditions would be pointless because, without refrigeration, the wine would suffer damage or total destruction. (Compl. ¶ 13; Ans. ¶ 13.) Consequently, if Cellar failed to ship the wine collection in temperature-controlled conditions, then the Searles would not receive the full benefit of their bargain with Cellar. (See Compl. ¶ 13; Ans. ¶ 13.) No material facts remain in dispute about whether refrigerated shipment of the wine constituted a material term of the contract. See Restatement (Second) of Contracts § 241 (failure to perform is material when, among other things, "the injured party will be deprived of the benefit which he reasonably expected.").

In its Answer, Cellar admits that refrigerated shipment of the wine did not take place. It is undisputed that, notwithstanding Cellar's promise to ship the wine collection in refrigerated conditions, two shipments of the wine collection arrived in Naples in non-temperature-controlled containers. (Compl. ¶¶ 17, 19; Ans. ¶¶ 17, 19.) Regardless of whether Cellar or another party is

---

[2] Notably, Cellar's third-party complaint against Sataria pleads that the Contract contains all the terms of the agreement between the Searles and Cellar. (See Third-Party Compl. ¶ 9.) Sataria agrees. (Third-Party Ans. ¶ 9); see Gilbert v. Johnston, 127 F.R.D. 145, 146 (N.D. Ill. 1989) (striking all statements in an answer which neither admit nor deny allegations but "demand[] strict proof thereof" because they violate Federal Rule of Civil Procedure 8(a)).

6

ultimately at fault for the failure to ship the wine in refrigerated containers, the fact that the promised "Refrigerated Freight Shipment" did not take place means that Cellar breached a material term of the Contract. See Wisconsin Elec., 557 F.3d at 506; Klingler, 171 Ill. App. 3d at 572-73.

        4.       Cellar's Breach Caused the Plaintiff's Damages

Finally, the pleadings establish that Cellar's breach – the failure to ship the wine in temperature-controlled conditions – proximately caused the damage to the wine collection. The Plaintiff has pleaded, and Cellar does not dispute, that the transportation of the wine in non-temperature-controlled containers caused the damage to the wine (see Compl. ¶¶ 17, 19; Ans. ¶¶ 17, 19), and resulted in the complete destruction of the wine, other than any minimal salvage value (Compl. ¶ 21; Ans. ¶ 21). Nor does Cellar dispute that it foresaw that breach of its promise to arrange refrigerated transportation for the wine collection would damage or destroy the wine. (Compl. ¶ 13; Ans. ¶ 13.) In these circumstances, where the undisputed pleadings show that Cellar's failure to perform a material term of the Contract resulted in harm and that Cellar foresaw that this specific harm would result from this specific breach, no genuine dispute remains about whether Cellar's breach proximately caused the Plaintiff's damages. See Klingler, 171 Ill. App. 3d at 573 ("The only damages which can be recovered in a breach of contract action are those damages which are the natural and proximate result of the breach.").

Cellar has pleaded lack of proximate causation as an affirmative defense. (See generally Ans. Affirmative Defense No. 2.) Cellar pleads that Sataria, not Cellar, transported the wine in non-temperature-controlled conditions and therefore "was the sole proximate cause and was an intervening act which caused the destruction of the wine." Id. ¶¶ 4, 6. In effect, Cellar pleads that it must escape contract liability because its subcontractor failed to perform. See id. Even

taking the factual averments supporting the defense as true, the defense does not permit Cellar to escape breach of contract liability here.[3]

In some circumstances, the independent, intervening act of a <u>plaintiff</u> not contemplated by the contract or foreseeable by the parties can render certain damages unrecoverable because the defendant did not proximately cause them. See <u>Klingler</u>, 171 Ill. App. 3d at 573. But it is no defense to a defendant's breach of contract liability that a defendant's subcontractor is to blame. <u>See</u>, e.g., <u>Vicorp Restaurants v. Corinco Insulating Co.</u> (<u>Vicorp</u>), 222 Ill. App. 3d 518, 523, 584 N.E.2d 229 (1991); <u>cf.</u> <u>Wisconsin Elec.</u>, 557 F.3d at 506 ("Liability for breach of contract is strict."). Instead, in such circumstances, the defendant properly has recourse only to a third-party claim against the responsible subcontractor. See <u>Vicorp</u>, 222 Ill. App. 3d at 524 ("A claim for breach of contract is properly presented to the trial court where a general contractor asserts a breach of the terms of its agreement with a subcontractor and seeks recovery for any loss incurred by the plaintiff.").

When confronted with an argument similar to the one Cellar pleads in its affirmative defense, Judge Shadur of this Court called it "almost unintelligible." <u>John Hancock Mut. Life Ins. Co. v. AARF, Inc.</u> (<u>John Hancock</u>), No. 85 C 10555, 1986 U.S. Dist. LEXIS 21099, at *10 (N.D. Ill. Aug. 27, 1986). In <u>John Hancock</u>, two defendants argued that they could have no contract liability based on an unsatisfactory roofing inspection because a later, also inadequate inspection by another party constituted "an intervening act [that] supersedes the defendant's negligence." <u>Id.</u> (quoting defendant's memorandum). The Court concluded that the defendant's causation "arguments (the insufficiency of which need not be explored in full) are really

---

[3] To the extent that Cellar attempts to claim that it has some entitlement to contribution from Sataria, the argument also fails. <u>North Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.</u>, 89 F.3d 452, 457 (7th Cir. 1996) ("[I]f either party's liability to the injured party is premised solely on a contract theory, there can be no contribution action as contemplated by the [Illinois] Contribution Act.").

8

addressed to tort principles inappropriate to this contract action.  [The plaintiff] contracted (and paid for) a service.  It says it didn't receive that service -- or as much of the service as it expected to get. . . .  Addressed (as it is) to the question of liability vel non, [the defendant's] causation argument is just a red herring."  Id. at *10-11.

As to the Plaintiff's breach of contract claim, Cellar's proximate causation affirmative defense is just as much of a red herring here.  Even if Sataria failed to procure refrigerated transportation of the wine in violation of whatever agreement it might have had with Cellar, it remains undisputed in the pleadings that the Searles did not receive the services – "Refrigerated Freight Shipment" – which they bargained, and paid, to receive from Cellar.  It similarly remains undisputed in the pleadings that the absence of those services, as both the Searles and Cellar foresaw, caused the destruction of the wine.  Accordingly, the facts alleged in Cellar's affirmative defense do not alter the conclusion that no genuine dispute remains about whether Cellar's breach proximately caused the Plaintiff's damages.

**D.      CONCLUSION**

For these reasons, the undisputed factual allegations in the pleadings establish all of the elements of a breach of contract action as a matter of law and reveal no material facts in dispute about Cellar's contract liability.  Based on the pleadings, the plaintiff is entitled to a partial judgment against Cellar Advisers which establishes, as a matter of law, that Cellar Advisers breached its contract with the Searles and that the breach was a proximate cause of the damages sustained by the Searles.  The Plaintiff therefore respectfully asks that this Court grant its motion for partial judgment on the pleadings on the issue of liability on the Plaintiff's breach of contract claim.

                COZEN O'CONNOR

BY:   /s/Paul R. Bartolacci
       Paul R. Bartolacci, Esquire *(PHV)*
       Kevin J. Hughes, Esquire *(PHV)*
       1900 Market Street
       Philadelphia, PA 19103
       (215) 665-2739
       (215) 665-2013 (Fax)
       pbartolacci@cozen.com
       khughes@cozen.com

       and

       Marisa L. Saber, Esquire
       Cozen O'Connor
       333 West Wacker Drive
       Suite 1900
       Chicago, IL 60606
       (312) 382-3100
       msaber@cozen.com

       ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, PAUL R. BARTOLACCI, do hereby certify that on this 4th day of October, 2013, I did cause a true and correct copy of a Notice of Motion and Plaintiff's Motion for Partial Judgment on the Pleadings to be served via mail upon the following:

Jon Yambert, Esquire
Joseph R. Vallort, Esquire
Rebecca Ann Fozo, Esquire
Theodore C. Hadley, Esquire
Chilton Yambert & Porter LLP
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
jyambert@cyp-law.com
jvallort@cyp-law.com
rfozo@cyp-law.com
thadley@cyp-law.com
*Attorneys for Defendant/Third Party Plaintiff*
*Cellar Advisors, LLC*

Matthew Paul Barrette, Esquire
Daniel Cornelius Sullivan, Esquire
Ryan Arthur Mahoney, Esquire
Sullivan Hincks & Conway
120 West 22nd Street
Suite 100
Oak Brook, IL 60523
mattbarrette@shlawfirm.com
dansullivan@shlawfirm.com
ryanmahoney@shlawfirm.com
*Attorneys for Third Party Defendant*
*Sataria Acquisition d/b/a Flagship Logistics Group*

/s/Paul R. Bartolacci
PAUL R. BARTOLACCI