**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o GIDEON SEARLE and NANCY S. SEARLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2012 CV 9343 |
| CELLAR ADVISORS, LLC, | ) ) | Judge: James B. Zagel |
| Defendant. | ) ) | |
| CELLAR ADVISORS, LLC, | ) ) | |
| Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, | ) ) ) | |
| Third Party Defendant. | ) | |

<u>**PLAINTIFF'S OPPOSITION TO CELLAR ADVISORS, LLC'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES**</u>

The plaintiff Great Northern Insurance Company, as subrogee of D. Gideon Searle and Nancy S. Searle, oppose the Motion for Leave to File Amended Answer and Affirmative Defenses filed by defendant Cellar Advisors, LLC and, in support of that Opposition, states the following:

1.   Cellar Advisors, LLC filed an Answer to the Plaintiff's Complaint on January 18, 2013.

2.   On October 4, 2013 plaintiff filed a Motion for Partial Judgment on the Pleadings arising out of certain contractual and liability issues between D. Gideon Searle and Nancy S. Searle (Great Northern Insurance Company's insureds) and Cellar Advisors, LLC.

3.  Rather than opposing the Motion for Partial Judgment on the Pleadings, Cellar Advisors has filed a Motion for Leave to File an Amended Answer and Affirmative Defenses. The Motion for Leave to File was filed on November 19, 2013.

4.  Great Northern Insurance Company opposes the Motion for Leave to File Amended Answer and Affirmative Defenses for several reasons.

5.  Initially, the proposed Amended Answer and Affirmative Defenses should be denied as futile.  See Campania Management Company, Inc. v. Rooks, Pitts & Poust, 290 F. 3d 843 (7th Cir. 2002).

6.  Cellar Advisors' transparent motive in seeking to amend its Answer and Affirmative Defenses more than ten months after it filed its original Answer and Affirmative Defenses is an attempt to avoid the partial judgment on the pleadings requested in the recent motion filed by the plaintiff.  The Motion for Partial Judgment on the Pleadings filed by the plaintiff with respect to the breach of contract cause of action in its Complaint is based upon admissions made by Cellar Advisors, LLC in its original Answer and in particular with respect to paragraphs 7, 13, 14, 17, 19 and 41.  A review of the proposed Amended Answer attached to Cellar Advisors' Motion to Amend reveals that those same allegations remain "Admitted" by Cellar Advisors, even in its proposed Amended Answer.  As such, the amendment does not in any way alter the admissions that are the very basis of the Plaintiff's Motion for Partial Judgment on the Pleadings.

7.  A proposed amendment is futile if it contains facts or legal theories that are immaterial or unresponsive to the allegations.  Here, the amended Answer proposed by Cellar Advisors provides no new basis for an opposition to plaintiff's Motion which is any different than the opposition that was available based on its original Answer.[1]

_____

[1] Cellar Advisors' Proposed Third Affirmative Defense appears to suggest that because Great Northern Insurance Company provided insurance coverages for the wine to Mr. and Mrs. Searle prior to the wine being shipped by Cellar Advisors and damaged en route, Cellar Advisors may somehow escape liability for its breach of contract, negligence and negligent misrepresentation.  The undisputed evidence in this matter is that the wine collection of Mr. and Mrs. Searle was insured by Great Northern Insurance Company well before any discussions occurred between the Searles and Cellar Advisors relating to inventorying the wine, creating valuations for the wine, and shipping the wine.  This is not a situation where the wine was previously uninsured and the parties, as part of the

8.      Further, Cellar Advisors' Motion to File Amended Answer and Affirmative Defenses must be denied because Cellar Advisors has not established "good cause" for seeking the amendment at this point of the litigation.  See <u>Caliber One Indemnity Company v. Millard Chicago Window Cleaning, LLC</u>, 2005 WL 1200472 (N.D. Ill. May 12, 2005).  In <u>Caliber One</u>, <u>supra</u>., this Court made it clear that a Motion to Amend Pursuant to Fed. R. Civ. P. 15 must first satisfy the "good cause" requirement of Fed. R. Civ. P. 16(b) when the Motion to Amend is filed beyond a Scheduling Order deadline, or where (like here) the Court has not set a deadline for filing amendments to the pleadings.

9.      In its Motion, Cellar Advisors, LLC claims that it is amending its Answer and Affirmative Defenses "consistent with further facts uncovered during the litigation of this suit". No specific information is provided such as particular allegations in any pleadings filed between the parties, specific references to documents produced by the parties in their Rule 26 Initial Disclosures or in responses to Requests for Production of Documents, nor with regard to any specific Answers to Interrogatories or in any other "fact finding" context.  Plaintiff submits that the absence of any required specificity on this issue is because there is no <u>new</u> facts that have been uncovered since Cellar Advisors first filed its Answer.

10.     For example, one of the proposed amendments in Affirmative Defense No. 3 relates to documents and communications exchanged between Cellar Advisors and the plaintiff's insureds, D. Gideon Searle and Nancy Searle.  In the proposed Affirmative Defense No. 3, Cellar Advisors claims that these communications between Cellar Advisors and the Searles <u>prior to the shipment of wine,</u> give rise to this proposed Third Affirmative Defense.  However, if the

---

contract they entered into, discussed which entity would provide insurance for the wine or which entity would bear the risk of any loss associated with the wine.  Cellar Advisors has no evidence of any writing or other agreement between Cellar Advisors and the Searles suggesting that merely insuring the wine by Great Northern Insurance Company constituted a release of any potential liability on the part of Cellar Advisors with respect to its duties and obligations relating to the shipment of the wine.  If all that was required for a party to be released from responsibility under those circumstances was the existence of insurance on property that was being transported, there would never be any basis for an insurance company to pursue a subrogation claim if that property was damaged in transit.  If, in fact, this is the argument that Cellar Advisors will assert in opposition to the Motion for Partial Judgment on the Pleadings, plaintiff suggests that this is likewise "futile".  Plaintiff will be prepared to fully address this argument in substance should Cellar Advisors raise it when opposing the Motion for Partial Judgment on the Pleadings.

substance of the proposed Third Affirmative Defense is based on Cellar Advisors having been involved in direct communications with the Searles prior to the wine shipments, that information was specifically known to Cellar Advisors at the time it filed its original Answer on January 18, 2013, and there is no new basis for the proposed Third Affirmative Defense based on these facts, since they were known to Cellar Advisors in advance of the filing of its original Answer.

11.    The Court must exercise its discretion in evaluating whether a Motion to Amend an Answer is appropriate. Justice v. Town of Blackwell, 820 F.2d 238 (7th Cir. 1987). Here, the Court should deny the Motion for Leave to File Amended Answer and Affirmative Defenses since any proposed amendment will be futile and Cellar Advisors has failed to meet the "good cause" requirement necessary to permit the filing of an Amended Answer and Amended Affirmative Defenses. This is appropriate here especially since the Proposed Amendment is filed directly in response to plaintiff's Motion for Partial Judgment on the Pleadings.

WHEREFORE, plaintiff respectfully requests that the Court deny the Motion for Leave to File Amended Answer and Affirmative Defenses filed by Cellar Advisors, LLC.

Respectfully Submitted,

BY:    /s/Kevin J. Hughes
       Paul R. Bartolacci, Esquire *(PHV)*
       Kevin J. Hughes, Esquire *(PHV)*
       COZEN O'CONNOR
       1900 Market Street
       Philadelphia, PA 19103
       (215) 665-2739
       (215) 665-2013 (Fax)
       pbartolacci@cozen.com
       khughes@cozen.com
             and
       Marisa L. Saber, Esquire
       COZEN O'CONNOR
       333 West Wacker Drive
       Suite 1900
       Chicago, IL 60606
       (312) 382-3100
       msaber@cozen.com

       ATTORNEYS FOR PLAINTIFF

4

## <u>CERTIFICATE OF SERVICE</u>

I, KEVIN J. HUGHES, do hereby certify that on this 16th day of December, 2013, I did cause a true and correct copy of Plaintiff's Opposition To Cellar Advisors, LLC's Motion For Leave To File Amended Answer And Affirmative Defenses to be served via e-mail upon the following:

Theodore C. Hadley, Esquire
Chilton Yambert & Porter LLP
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
thadley@cyp-law.com
*Attorneys for Defendant/Third Party Plaintiff*
*Cellar Advisors, LLC*

Daniel Cornelius Sullivan, Esquire
Sullivan Hincks & Conway
120 West 22nd Street
Suite 100
Oak Brook, IL 60523
dansullivan@shlawfirm.com
*Attorneys for Third Party Defendant*
*Sataria Acquisition d/b/a Flagship Logistics Group*

/s/Kevin J. Hughes
KEVIN J. HUGHES