UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o GIDEON SEARLE and NANCY S. SEARLE, <br><br> Plaintiffs, <br><br> v. <br><br> CELLAR ADVISORS, LLC, <br><br> Defendant. <br><br>——————————————— <br><br> CELLAR ADVISORS, LLC <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, <br><br> Third-Party Defendant. | No. 12 C 9343 <br><br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This matter is presently before the Court on Third-Party Defendant Flagship's motion for reconsideration of my March 3, 2015 Memorandum Opinion and Order denying summary judgment. I will assume that the reader is familiar with this prior Memorandum Opinion and Order.

This Court has "inherent authority" under Rule 54(b) to reconsider its interlocutory orders. *Janusz v. City of Chi.*, No. 03 C 4402, 2015 WL 269934, at *4 (N.D. Ill. Jan. 20, 2015); Fed. R. Civ. P. 54(b) (Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also Gibbs v.*

1

*Lomas*, 755 F.3d 529, 535 (7th Cir. 2014) (An order denying a summary judgment motion is interlocutory). A motion to reconsider is not a tool for rehashing arguments that the Court previously rejected. *See Janusz*, 2015 WL 269934, at *4. "Rather, a motion to reconsider allows a party to direct the court's attention to manifest errors of fact or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it." *Id.*

In its motion, Flagship argues that I incorrectly based my decision to deny summary judgment solely on the non-application of judicial estoppel. Flagship is mistaken. Although the majority of my opinion addressed the issue of judicial estoppel, my decision was not solely based on the non-application of judicial estoppel. Simply put, this case can go either way. Third-Party Plaintiff CA will offer direct testimony from one of its representatives who accepted the wine when it arrived in Florida, Joe Mooney. Mooney will discuss the temperature and condition of the wine when he received it. CA will also offer direct testimony from its principal, Marc Lazar, who reviewed the shipment's bills of lading as well as photographs and videos that Mooney took when the wine arrived. Lazar will testify as to what effect high temperature has on wines, whether the wine in question was damaged, and to what extent this damage affected the value of the wine. To rebut this evidence, Flagship's expert Tom DiNardo will offer testimony saying that the shipped wine was not damaged and that, even if it were damaged, this damage could not have been caused during shipment. Clearly, there are genuine issues of material fact that preclude summary judgment.

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Kvapil v. Chippewa Cnty, Wis.*, 752 F.3d 708, 712 (7th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In

reviewing a summary judgment motion or a cross-motion for summary judgment, a court construes all facts, and draws all reasonable inferences from those facts, in favor of the non-moving party. *United States v. P.H. Glatfelter Co.,* 768 F.3d 662, 668 (7th Cir. 2014) (quoting *Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013). As I stated in my March 3, 2015 Memorandum Opinion and Order, a jury would be well within its rights to find in CA's favor. This is a case that must go to trial.

**CONCLUSION**

My decision to deny summary judgment on all counts remains unchanged. Whether the Searles' wine was actually damaged and whether this damage was caused by Flagship's conduct are both genuine issues of material fact. Accordingly, I deny Flagship's motion for reconsideration.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: May 6, 2015