UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY a/s/o GIDEON SEARLE and NANCY S. SEARLE, <br><br> Plaintiffs, <br><br> v. <br><br> CELLAR ADVISORS, LLC, <br><br> Defendant. | No. 12 C 9343 <br><br> Judge James B. Zagel |
| CELLAR ADVISORS, LLC <br><br> Third-Party Plaintiff, <br><br> v. <br><br> SATARIA ACQUISITION LLC d/b/a FLAGSHIP LOGISTICS GROUP, <br><br> Third-Party Defendant. | |

## MEMORANDUM OPINION AND ORDER

On April 30, 2014, Flagship served its Fed. R. Civ. P. 26(a)(2) disclosure to Cellar Advisors, LLC ("CA") and Great Northern Insurance Company. As part of its disclosure, Flagship identified Tom DiNardo as an expert witness and also identified the following Opinions provided by Tom DiNardo:

> 1. Based upon my research and analysis, my extensive experience in the appraisal of wine, and by applying the 2012-2013 Uniform Standard of Professional Appraisal Practice (USPAP) Standards, all of which are set forth at length in my Appraisal of the damaged Gideon Searle wines report, I conclude to a reasonable degree of certainty that the value of the wine bottles listed was

1

> $1,889,326.00 assuming that the list is accurate and that all bottles are in very good condition.
>
> 2. Based upon my research and analysis, my personal inspection of the actual wine bottles, my extensive experience in the appraisal of wine, and by applying the 2012-2013 Uniform Standard of Professional Appraisal Practice (USPAP) Standards, all of which are set forth at length in my "Gideon Searle Wine Collection Appraisal Report #2", I conclude to a reasonable degree of certainty that the current value of the wine bottles owned by Great Northern Insurance Company located at Florida Freezer's warehouse in Fort Myers, Florida is $1,524,082.00.
>
> 3. Based upon my research and analysis, my personal inspection of the actual wine bottles, my extensive experience in the appraisal of wine, and by applying the 2012-2013 Uniform Standard of Professional Appraisal Practice (USPAP) Standards, all of which are set forth at length in my Wine Inventory Report and Scope of Damage Evaluation and the Gideon Searle Wine Collection Appraisal Report #2", I conclude to a reasonable degree of certainty that the small number of bottles showing heat damage were not destroyed as a result of transportation of the whole collection from Chicago, Illinois to Naples, Florida.

On June 2, 2014, after having the opportunity to read Mr. DiNardo's expert report and review his qualifications and after securing agreement from the parties to permit a late disclosure of expert witnesses, CA served its own Fed. R. Civ. P. 26(a)(2) disclosure. CA's Rule 26(a)(2) disclosure identified Tom DiNardo as Cellar Advisors' expert witness and expressly adopted the opinions of Mr. DiNardo contained in his April 30, 2014 report. This matter is presently before the Court because Flagship intends on introducing CA's Rule 26(a)(2) disclosure into evidence as Exhibit 24, and CA objects on the basis that "this is not a proper exhibit."

      Rule 26(a)(2) disclosures are not typically introduced into evidence, but this is not a typical case. CA began this litigation as a defendant and transformed into a plaintiff at some point after it settled its dispute with Great Northern Insurance Company.

      Here, CA's Rule 26(a)(2) disclosure (Exhibit 24) is admissible into evidence as an

admission by a party opponent. Although Exhibit 24 is admissible, CA is not bound to it, a point that I have already made clear when I ruled on Flagship's motion for summary judgment.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 14, 2016