UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PEERLESS INSURANCE COMPANY, a/s/o
CELLAR ADVISORS LLC,

    Third-Party Plaintiff,

    v.

SATARIA ACQUISITION LLC d/b/a
FLAGSHIP LOGISTICS GROUP,

    Third-Party Defendant.

No. 12 C 9343

Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

This case is about a shipment of wine that went awry. After Gideon and Nancy Searle hired Cellar Advisors ("CA") to organize and ship roughly 20,000 bottles of wine from Illinois to Florida, CA contracted with Sataria Acquisition LLC d/b/a Flagship Logistics Group ("Flagship") to arrange the actual transportation in three shipments. Alleging that the wine had been damaged during the trip, the Searles collected an insurance claim of over $2 million. As subrogee of the Searles, Plaintiff Great Northern Insurance Company—who paid out the $2 million claim—filed suit against CA, and CA subsequently filed a third-party claim against Third-Party Defendant Flagship. Flagship then filed a counterclaim against CA for unpaid invoices and attorneys' fees.

Most of the parties in this lawsuit settled before trial. The only dispute that did not settle was between CA and Flagship over one of the wine shipments. On March 22, 2016, following a four-day trial, the jury reached a verdict in favor of CA on both CA's claim against Flagship and Flagship's counterclaim, and awarded CA with $538,000 in damages.

Presently before me are two post-trial motions filed by Flagship. Flagship's first

motion seeks a new trial pursuant to Rule 59 and reconsideration of my judgment as a matter of law on its counterclaim. Flagship's second motion seeks an order of remittitur of the jury's award of damages. For the following reasons, I am denying both of these motions in their entirety.

I.   **New Trial**

Fed. R. Civ. Proc. 59(a)(1)(A) authorizes the Court "to grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." *United States v. McClinton*, 135 F.3d 1178, 1186 (7th Cir. 1998). Under Rule 59(a), "the district judge must determine if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Frizzell v. Szabo*, 647 F.3d 698, 702 (7th Cir. 2011). A court should grant a new trial for improperly admitted evidence or erroneously excluded evidence if the evidence had substantial influence over the jury and the jury result was contrary to substantial justice. *Shick v. Ill. Dept. of Hum. Svcs.*, 307 F.3d 605, 611 (7th Cir. 2002).

Here, the main evidentiary issues underlying Flagship's arguments for a new trial have already been considered and ruled upon. In support of its argument for a new trial, Flagship contends that I incorrectly allowed three witnesses—Lauren McIntosh, Marc Lazar, and Joe Mooney—to testify about the effects of heat on wine in general and how the faulty transportation in this case would affect their ability to sell this wine in the high-end wine market. As I ruled before and during trial, Federal Rule of Evidence 701 allows a lay person to testify to matters within his or her personal knowledge as long as such testimony is helpful to clearly understand the witnesses' testimony or to determine an issue of fact. One person's experiences and personal knowledge may be different than another, but if the testimony is based on the witnesses' own

2

personal experience, it is considered lay testimony. These witnesses testified regarding their own daily lives and work, and their testimony was properly admitted.

Flagship also argues that I incorrectly allowed Marc Lazar to testify that Bill Edgerton—an expert who prepared a report but was not allowed to testify himself because CA did not disclose him as their expert—agreed with his opinion that the wine was worthless and not salable. I allowed this testimony to come into evidence because Flagship opened the door during their cross-examination of Lazar by inferring that CA did not name Edgerton as an expert because Edgerton did not hold the same opinions as Lazar. Lazar testified that this was not true during re-direct, and this testimony was properly admitted.

Lastly, Flagship argues that I erred by excluding any evidence about an alleged offer to settle the case made by Mr. Searle. Under Federal Rule of Evidence 408, offers made during settlement negotiations are inadmissible.

Flagship's motion for a new trial is therefore denied.

## II.     Flagship's Counterclaim

Flagship also seeks reconsideration of my decision granting judgment as a matter of law on Flagship's counterclaim. I based this decision on the testimony adduced during trial, the applicable statutes and definitions, and the authoritative case law regarding the determination of a broker.

CA is not a broker as defined by 49 U.S.C. § 13102 and interpreted by *Interstate Commerce Commission v. Chicago Food Mfrs. Pool Car Group*, 39 F.Supp. 283 (N.D. Ill 1941). Nor is CA subject to liability under 49 USC § 14704(a)(2) given the Supreme Court's ruling in *Red Ball Motor Freight, Inc. v. Shannon*, 377 U.S. 311 (1964). Because there was no evidence that CA was acting as a carrier subject to 49 USC 13501 *et seq* let alone a carrier evading ICC

regulation subject to liability under 49 USC 14704(a)(2), Flagship's motion is denied.

**III.  Remittitur**

A jury award must be set aside or reduced if it is not supported by the evidence. *Avitia v. Metropolitan Club of Chicago*, 49 F.3d 1219, 1229 (7th Cir. 1995). "Judges and juries must not be casual with other people's money." *Id*. If a damages award is not rationally connected to the evidence, a court can order a remittitur, if the plaintiff is willing to accept it, or a new trial if the plaintiff is unwilling to accept the reduced award." *International Fin. Servs. Corp v. Chromas Technolgies Canada, Inc.*, 356 F.3d 731, 739 (7th Cir. 2004).

When reviewing a jury award, the district court should consider "(1) whether the award is 'monstrously excessive'; (2) whether there is no rational connection between the award and the evidence; and (3) whether the award is comparable to those in similar cases." *Marion County Coroner's Office v. E.E.O.C.*, 612 F.3d 924, 930-31 (7th Cir. 2010); *Matter of Innovative Constr. Sys., Inc.*, 793 F.2d 875, 887 (7th Cir. 1986).

Flagship argues that the jury's award of $538,000 is monstrously excessive. It is not. There is evidence that the wine shipment in question, which CA claimed was worthless and nonsalable, was actually worth more than this amount. In fact, Flagship's expert held the opinion that the wine, as it existed post shipment, had a value of $1.5 million. Although a jury verdict that exceeded $1.5 million would certainly lack a rational connection with the evidence, any verdict under this amount has evidence to support it. Furthermore, as discussed above, Mr. Searle's offer to pay $275,000 for the wine during a settlement negotiation was properly excluded.

Flagship's motion is therefore denied.

## CONCLUSION

Flagship's motion for a new trial and motion for remittitur are both denied.

ENTER:

James B. Zagel
United States District Judge

DATE: August 18, 2016